## Pennsylvania Company v. George B. Purvis.

### Gen. No. 12,790.

1. COLLISION—*what establishes prima facie case in action for injuries caused by.* Where a passenger upon a railroad train has shown that his injury was the result of a collision, a *prima facie* case is made.

2. NEGLIGENCE—*minor's acceptance of railroad pass does not exempt company from.* The acceptance by a minor of a railroad pass containing an exemption from liability for negligence, does not operate to relieve the company from liability for an injury resulting to such minor from the negligence of the company.

3. NEGLIGENCE—*railroad company cannot contract for exemp-*

*tion from liability for.* A railroad company cannot by contract exempt itself from liability for negligence.

4. CONTRACT—*exception to rule that minor must make restitution upon disaffirming.* The obligation of a minor to make restitution upon disaffirming a contract, exists only in cases where he has received money or property by reason of the contract, which he seeks to avoid; he is not required to make restitution of something which it is impossible to restore.

5. INSTRUCTIONS—*should not contain abstract propositions of law.* Instructions which contain merely abstract propositions of law are properly refused.

6. ASSIGNMENTS OF ERROR—*when should be specific that damages are excessive.* An assignment of error that the court erred in overruling the defendant's motion for a new trial, does not raise the question of the alleged excessiveness of the damages, where the written motion for a new trial complained that the damages were excessive and the court in consequence reduced the amount of such damages.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. FROST, Judge, presiding. Heard in this court at the October term, 1905. Affirmed. Opinion filed October 8, 1906.

G. C. NIEMEYER and H. M. PIERCE, for appellant; GEORGE WILLARD, of counsel.

THEODORE G. CASE and JOHN T. MURRAY, for appellee.

MR. JUSTICE ADAMS delivered the opinion of the court.

Appellee was plaintiff and appellant defendant in the trial court and will be so referred to in this opinion.

Plaintiff claims to have been injured in a collision between two of the defendant's trains, near Sharon, in the state of Pennsylvania, while a passenger on one of said trains. The facts are substantially as follows: The plaintiff in December, 1902, was in the employ of the defendant, in the city of Chicago, as a clerk, and then requested leave of absence for ten days and for transportation, which was granted, and a pass from

Chicago to Erie, Pennsylvania, and return, reading as follows, was given to him:

"PENNSYLVANIA LINES.

Employe's West of Pittsburgh Trip Pass.

Conductor's Check 1902.

Pass Geo. B. Purvis,

From Chicago, Illinois,

To Erie, Pa.
   In accordance with accompanying pass.

Account,
   Void if detached.
      Issued by
         General Manager.

PENNSYLVANIA LINES.

Employe's West of Pittsburgh Trip Pass 1902.
Pass Geo. B. Purvis,
From Erie, Pa., to Chicago, Ill.
Over E. & P. R. R., P. F. W. Ry. via P'gh.
Account Clerk.
   Issued 1902 and expires Dec. 31, 1902. Not good on New York and Chicago Limited Express.
Countersigned,
      GEO. L. PECK,
         General Manager.
B. McKEEN, Supt.

Good only upon conditions on back hereof and when countersigned by B. McKeen."

NOT TRANSFERABLE.

The person accepting and using this pass, thereby assumes all risks of accident and damages to person or property.

If presented by any other than the individual named thereon, the conductor will take up the pass and collect fare."

The plaintiff was returning to Chicago on defendant's passenger train December 30, 1902, between Wheatland and Middlesex, Pennsylvania, when a collision occurred between the train in which he was riding and a freight train of the defendant. When the freight train which was on its way west, arrived at Wheatland, it was found that the train had broken in two, and it was backed toward West Middlesex, for the purpose of taking up the rear or detached por-

tion of the train, and while being so backed the collision occurred and the plaintiff was injured, and was taken to the hospital at Sharon, where he remained that evening and the next day.

The proof of the collision is ample, and it is not denied. "Where the passenger is injured by any accident arising from a collision or defective machinery, he is required, in the first place, to prove no more than the fact of the accident and the extent of the injury. A *prima facie* case is thus made out, and the *onus* is cast upon the carrier to disprove negligence." 3 Thompson's Com. on Negligence, sec. 2758, and cases cited in note 147, p. 218. In this case no proof was offered to rebut the presumption of negligence arising from the fact of collision. Defendant's solicitor impliedly admits negligence, by contending that by the pass defendant was liable for gross negligence only, and that there was no gross negligence. The sole ground of defense, on the merits, advanced by defendant's counsel is, that the defendant is not liable because the plaintiff, in accepting the pass, assumed the risk. The general rule is, that the contract of an infant is voidable and may be avoided by him within a reasonable time after he becomes of age. 1 Parsons on Contracts, 6th ed., sec. 294. There are exceptions to this rule, but we know of no exception applicable to the present case, nor has the defendant's counse stated any supported by authority. The utmost counsel venture to say in this respect is, that "the purpose in making the gift was to contribute to the minor's welfare and happiness, and where also there was no manifest danger to the minor in the acceptance and use of the gift." There was, however, the risk of danger and consequent injury, and this the pass implies. Necessaries furnished to a minor are an exception to the general rule above stated, but the pass was not a "necessary" within the meaning of the law. In Tupper v. Caldwell, 12 Metc. 559, the court say of

necessaries: "The wants to be supplied are, however, personal, either those for the body, as food, clothing, lodging and the like; or those necessary for the proper cultivation of the mind, as instruction suitable and requisite to the useful development of the intellectual powers and qualifying the individual to engage in business when he shall arrive at the age of manhood." It certainly was not for plaintiff's benefit to impose on him risk of all danger which might occur, by reason of the negligence of the defendant's servants.

In I. C. R. R. Co. v. Beebe, 174 Ill. 10, the court, after referring to I. C. R. R. Co. v. Read, 37 Ill. 484, and Toledo, W. & W. Ry. Co. v. Beggs, 85 id. 80, as holding that a contract exempted the railroad company from liability from any degree of negligence other than gross negligence, say, on page 24: "A railroad company cannot exempt itself from the exercise of care and diligence in conveying its passengers, and cannot, even by contract, limit its liability for injuries to passengers to gross negligence alone. It is responsible for any degree of negligence which is sufficient to cause the injury, whether such negligence be called gross or ordinary. The requirement of such responsibility is demanded on grounds of public policy."

That a railroad company cannot, by contract, exempt itself from liability for negligence, is held in the following cases: Goldey v. Penn. R'd. Co., 6 Casey, 242; Same v. Henderson, 1 P. F. Smith, 315; Same v. Butler, 57 Penn. St. 335; Burnett v. Penn. R. R. Co., 176 Penn. St. 45; G. C. & S. F. Ry. Co. v. McGown, 65 Texas, 640; Louisville, N. A. & C. Ry. Co. v. Taylor, 126 Ind. 126; Bryan v. Mo. Pac. Ry. Co., 32 Mo. App. 228; Jacobus v. St. P. & C. Ry. Co., 20 Minn. 110; R'd Co. v. Lockwood, 17 Wal. 357.

In the cases, *supra,* cited from 65 Texas, 126 Ind., 32 Mo. App., and 20 Minn., there were free passes,

with stipulations against the liability of the railroads for negligence. With reference to the distinction between ordinary and gross negligence, which is attempted to be made by counsel for the defendant in this case, the court say, in R'd Co. v. Lockwood, *supra,* p. 382: "We have already adverted to the tendency of judicial opinion adverse to the distinction between gross and ordinary negligence. Strictly speaking, these expressions are indicative rather of the degree of care and diligence which is due from a party and which he fails to perform, than of the amount of inattention, carelessness, or stupidity which he exhibits. If very little care is due from him, and he fails to bestow that little, it is called gross negligence. If very great care is due, and he fails to come up to the mark required, it is called slight negligence. And if ordinary care is due, such as a prudent man would exercise in his own affairs, failure to bestow that amount of care is called ordinary negligence. In each case, the negligence, whatever epithet we give it, is failure to bestow the care and skill which the situation demands; and hence it is more strictly accurate perhaps to call it simply 'negligence.' And this seems to be the tendency of modern authorities."

In Bryan v. Mo. Pac. Ry. Co., *supra,* the court, p. 239, say: "And it is well settled in this state, whatever may be the rulings elsewhere, that any negligence in such cases is gross negligence; or, to state it differently, there are no degrees of negligence in such cases, where the passenger is without fault, as in this case."

In R'd. Co. v. Lockwood, *supra,* the court, after an apparently exhaustive consideration of the cases on the subject, state their conclusions, among which are the following:

"First. That a common carrier cannot lawfully stipulate for exemption from responsibility when such exemption is not just and reasonable in the eye of the law.

Secondly. That it is not just and reasonable in the eye of the law for a common carrier to stipulate for exemption from responsibility for the negligence of himself or his servants.

Thirdly. That these rules apply both to carriers of goods and carriers of passengers for hire, and with special force to the latter.''

The abstract of the evidence is not as full as it should be, so that we have had to look to the record, and are of the opinion that the evidence would warrant a verdict finding gross negligence. Defendant's counsel, assuming that the contract was merely voidable, say that plaintiff did not avoid it, because he did not make restitution, as was incumbent on him. He was injured in the latter part of December, 1902, and brought suit January 30, 1903. This was a sufficient avoidance of the alleged contract. He could not very well restore the ride. We have examined the cases cited by defendant's counsel in support of the proposition that plaintiff should make restitution, and find none of them in point. The liability of an infant to make restitution, if he will disaffirm a contract, exists only in cases where he has received money or property, by reason of the contract which he seeks to avoid.

In Reynolds v. McCurry, 100 Ill. 356, cited by defendant's counsel, the court say: ''The general rule is, that where the consideration of a conveyance has been expended, so that he is not in a condition to restore it, he may nevertheless avoid the conveyance.'' Ib. 361-2.

Counsel for defendant object to the plaintiff's 4th and 5th instructions and to the refusal of defendant's instructions 1, 5 and 6. The objection made to plaintiff's instruction 4 is, that it omits the element of negligence. The collision is admitted, not only in the evidence, but in defendant's 2nd and 6th refused instructions, and the fact of the collision is *prima . facie* evidence of negligence. Plaintiff's in-

struction 5 is not discussed by counsel. It contains no error. Defendant's refused instruction 1 is an abstract proposition, difficult to understand, which, had it been given, would not have tended, in the least, to enlighten the jury in considering of their verdict; but, on the contrary, might have tended to confuse their minds, and it was properly refused. Defendant's refused instruction 5 is drafted on the theory that the defendant was not liable except for gross negligence, and its refused instruction 6 on the theory that plaintiff was bound by the assumption of risk clause of the pass, and that his being a minor when he accepted it was immaterial. The instructions were properly refused. The jury assessed the plaintiff's damages at the sum of $5,000, which sum, on the hearing of the motion for a new trial, was reduced, by *remittitur*, to $3,000, and counsel contend that even the latter sum is excessive, to which counsel for the plaintiff answer that this is not assigned as error. The only assignments of error are: "1. The honorable Superior Court erred in overruling said defendant's motion for a new trial. 2. The honorable Superior Court erred in not granting said defendant's motion for a new trial."

Counsel for defendant contend that the question whether the sum of $3,000 is excessive is included in the assignment that the court erred in overruling the motion for a new trial. That motion and the reason or grounds for it are in writing, and the only ground at all relating to damages is in these words: "The damages awarded are excessive," which can only mean that the assessed sum of $5,000 was excessive. The court seems to have been of this opinion, as it was on the suggestion of the court, and to prevent another trial, that the plaintiff remitted $2,000 from the verdict. The court rendered judgment for the remainder, $3,000. The objection, or ground for a new trial, that the sum of $5,000 was excessive, was eliminated

from the motion by the reduction of the damages to $3,000, and that ground is not before us for review, and there is no assignment of error which includes the objection that the sum of $3,000 is excessive. The rule is, that every error relied on must be assigned and specifically pointed out in the assignment, and that an error not so assigned is not reviewable. Berry v. City of Chicago, 192 Ill. 154.

The defendant's motions to take the case from the jury and for a new trial, were properly overruled.

The judgment will be affirmed.

*Affirmed.*