## Margaret Born, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 15,479.

1. INSTRUCTIONS—*as to effect of release properly refused.* An instruction which tells the jury the effect of a release is properly refused if the evidence is undisputed that the party by whom the release was given was at the time under age.

2. RELEASES—*what shows disaffirmance by minor.* Bringing action for personal injuries is a sufficient disaffirmance by a minor of a release purporting to discharge from liability on account of such personal injuries. The consideration paid for such a release and retained by the minor may be considered in mitigation of damages.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. MARCUS KAVANAGH, Judge, presiding. Heard in this court at the March term, 1909. Reversed and remanded. Opinion filed February 16, 1911.

B. F. RICHOLSON and WATSON J. FERRY, for appellant.

JOHNSON & BELASCO, for appellee; JOEL BAKER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

This is an appeal by the Chicago City Railway from a judgment for $1,700 and costs against it, rendered by the Superior Court of Cook county. The judgment was on the verdict of a jury in a personal injury case brought by the appellee, Margaret Born. The accident which was the basis of the suit happened on May 12, 1905, when the plaintiff was seventeen years of age. The trial took place in January, 1909.

The judgment is attacked in this appeal on several grounds. Among them is the alleged error of the trial judge in refusing two instructions tendered by the defendant in relation to the effect of a release signed by

the plaintiff and received in evidence.    It was executed the day after the accident and purports to be an absolute release under seal by Margaret Born of all demands or causes of action against the Chicago City Railway Company for the sum of fifteen dollars, and concludes: "I am 18 years of age."

The first instruction concerning this release, the refusal of which is complained of, was to the effect that if the plaintiff knowingly executed it, the jury had no right to find for the plaintiff, because they might think that the amount received was not sufficient to compensate her for her injuries.

The second instruction was to the effect that even if the jury believed from the evidence that the plaintiff was not of the legal age of eighteen years when she signed the release, yet if they further believed from the evidence that she had before the trial arrived at such age, her retention and appropriation of the money, if she did retain it, must be treated as a ratification of the settlement and forbid her recovery.

We do not think there was any error in refusing these instructions.    There was no contradiction of the fact that the plaintiff was a minor at the time the release was executed, despite the evidence of the claim agent that she told him that she was of full age and her statement to that effect written by her, as he says, in the body of the release.    There was some conflict of evidence as to the execution of the release and as to what was said and done at the time of it; but we deem it immaterial.

The release was put in evidence, and if an instruction had been thought necessary and requested that the jury should consider the amount paid in mitigation of any damages proven, it would undoubtedly have been given.    But this suit was brought within ten days thereafter, and such action has been held by this court a sufficient disaffirmance of a release by a minor. Pennsylvania Co. v. Purvis, 128 Ill. App. 367; Chicago Telephone Co. v. Schulz, 121 Ill. App. 573.    Nor do

we think that as a condition of recovery she was obliged to return the fifteen dollars. Young v. West Virginia C. & P. R. Co., 42 W. Va. 112; St. Louis, I. M. & S. R. Co. v. Higgins, 44 Ark. 293; Worthy v. Jonesville Oil Mill, 77 S. C. 69; Southern Cotton Oil Co. v. Dukes, 121 Ga. 787.

We are thus brought to the merits of the case. Because of the decision which we have reached we regard it inexpedient to discuss in detail the evidence, which we have endeavored carefully to analyze and weigh.

Although much is said in the arguments about contradiction in the testimony of the witnesses, there are substantially but two stories told of the accident. One is supported by the testimony of the plaintiff herself and of her friend and companion at the time of the accident, Miss Engleberg, and to a much less degree by that of Miss Smith. Its essential feature is that the plaintiff attempted to cross Madison street in front of a train of street cars that had come to a stop; that the cars started without warning and ran her down. Under this state of things the liability would exist, if the plaintiff were not guilty of contributory negligence. The other story is supported by the testimony of the motorman of the car which inflicted the damage, by that of the conductor of a car in the train, by that of a passenger on the grip car, and by that of four bystanders on the street (two on each side of it) who saw the accident. These seven men all testify substantially that the plaintiff and her two girl companions suddenly ran from behind some wagons standing along the curb or passing along the street; that the girls were evidently in great haste to cross the street in a northeasterly direction; that they ran in front of a moving grip car; that two of them crossed the tracks safely, but that the plaintiff tripped and fell on them; that the motorman stopped his car with all possible speed and skill, but could not prevent her being struck by the fender as she lay on the ground.

If this story in its essential features is true, no neg-

ligence of the defendant was proven, and independently of all questions of contributory negligence on the part of the plaintiff she should not recover.

The defendant claims that the verdict and judgment are so manifestly against the weight of the evidence, both on the question of defendant's negligence and on the question of the contributory negligence of the plaintiff, that we should reverse the judgment with a finding of fact and put an end to the case.

We are not prepared to do this, but we do hold that the verdict was so far against the weight of the evidence that the court below should have granted a new trial and submitted to another jury its consideration. We fully appreciate the functions of a jury in determining the relative credibility of conflicting testimony, and fully recognize the truth of the apothegm relied on by plaintiff, that "evidence is weighed and not counted;" but we cannot conscientiously, after a study of this record as it stands, hold that on it the verdict of the jury is so far justified as to warrant us in approving it and the decision of the trial judge on the motion for a new trial. On the assignment of error that the trial court erred in overruling defendant's motion for a new trial, we shall reverse the judgment and remand the cause.

*Reversed and remanded.*