JOSEPH PARILLO, JR., ET AL. v. THE HOUSING AUTHORITY OF THE CITY OF NEW HAVEN ET AL.

SUPERIOR COURT        NEW HAVEN COUNTY        FILE NO. 71065

Memorandum filed February 5, 1949.

*Alfonce C. Fasano,* of New Haven, for the Plaintiffs.

*Martin E. Gormly,* of New Haven, for the Defendants.

MELLITZ, J. In this action the plaintiff, a tenant, sues in his own behalf and in behalf of his minor son for damages sustained as a result of injuries allegedly caused to the minor by the negligence of the defendant in failing to keep in repair a portion of the premises retained in the control of the defendant.

The special defense, to which the demurrer is addressed, recites that the lease to the plaintiff tenant contained a provision absolving the defendant from liability for damages sustained by the tenant or by other persons due to the building, or any part thereof, or any appurtenances thereof becoming out of repair.

The rights of the minor plaintiff are no greater than those of his father, the tenant, and as regards the stipulation absolving the defendant from liability, the minor plaintiff stands in the same position with relation to the defendant as does the plaintiff tenant. *Hearn* v. *Hilliard Co.,* 99 Conn. 666, 671.

Agreements exempting parties from liability for their own negligence may be valid in certain circumstances but are not favored by the law and if possible are construed not to confer immunity from liability. 6 Williston, Contracts (Rev. Ed.) § 1751b. Parties may not stipulate for protection against liability for negligence in the performance of a duty imposed by law or where the public interest requires performance. *L'Heureux* v. *Hurley,* 117 Conn. 347, 356; Williston, supra, § 1751C; 12 Am. Jur. 683, § 183; see note, 84 A. L. R. 654, for cases dealing with exculpatory stipulations in leases.

The defendant authority was created as a public corporation under the provisions of Chapter 52 of the General Statutes (Rev. 1949) to provide safe and sanitary dwelling accommodations for families of low income, and the legislature has declared it to be in the public interest that such accommodations be provided by the use of public funds. § 923. Broad powers, including the power of eminent domain, are vested in the authority to carry out the purposes of the legislation, and there is nothing to indicate an intent to exempt the authority from liability for its own negligence or to authorize it to contract for such exemption. The contrary would appear to be inferable from the power granted it "to insure or provide for the insurance of any real or personal property or operations of the authority against any risks or hazards." § 929. It can hardly be said to be in the public interest to countenance a policy which would deprive families of low income, otherwise eligible, of the opportunity to obtain dwelling accommodations expressly made available for them by the use of public funds unless they consented to assume the risks flowing from the negligence of the authority in carrying on its operations.

In *Housing Authority of Birmingham District* v. *Morris,* 244 Ala. 557, statutory provisions similar to those contained in § 929

relating to the powers granted to the housing authority and the duties imposed upon it were considered, and a stipulation absolving the housing authority from liability, similar to that here involved, was held ineffective as a defense.

The demurrer is sustained.