CHARLES FEDOR *v.* MAUWEHU COUNCIL, BOY SCOUTS
OF AMERICA, INC.

SUPERIOR COURT      FAIRFIELD COUNTY      FILE NO. 104373

Memorandum filed April 30, 1958

*Nevas, Nevas & Robinson,* of South Norwalk, for
the plaintiff.

*Clancy & Kenney,* of Bridgeport, for the defend-
ant.

MacDONALD, J.   This is an action brought by a
minor boy through his father to recover damages for
personal injuries suffered by the plaintiff while he
was attending a Boy Scout camp and claimed to have
been caused by defendant's negligent supervision of
the camp.   Defendant filed a special defense to the
complaint alleging that plaintiff, through his father
as next friend, had signed, as a condition of attend-
ing the camp, a waiver of any and all claims for dam-
ages in the event of injury, specifically and com-
pletely absolving the defendant.   To this special de-
fense plaintiff has demurred on several grounds.

Generally speaking, agreements exempting parties from liability for their own negligence are not favored by the law and, if possible, are construed so as not to confer immunity from liability. 6 Williston, Contracts (Rev. Ed.) § 1751B. It was said in *Malone* v. *Santora,* 135 Conn. 286, 293, that a clause on a parking-lot ticket freeing the management from "responsibility of any kind" was " 'revolting to the moral sense, and contrary alike to the salutary principles of law and a sound public policy.' " Although, as pointed out by defendant, the *Malone* case and the authorities cited therein involved bailments, the same principle of construction is involved here.

In *Parillo* v. *Housing Authority,* 16 Conn. Sup. 106, the court sustained a demurrer to a special defense filed by the New Haven housing authority to a negligence action brought by an injured minor, for several reasons, including one of public policy which would appear to apply here, stating in the opinion (*Mellitz, J.*) as follows (p. 107): "Agreements exempting parties from liability for their own negligence may be valid in certain circumstances but are not favored by the law and if possible are construed not to confer immunity from liability. 6 Williston, Contracts (Rev. Ed.) § 1751B. Parties may not stipulate for protection against liability for negligence in the performance of a duty imposed by law or where the public interest requires performance. *L'Heureux* v. *Hurley,* 117 Conn. 347, 356; Williston, supra, § 1751C; 12 Am. Jur. 683, § 183; see note, 84 A.L.R. 654, for cases dealing with exculpatory stipulations in leases."

As pointed out in Williston, at § 1751C, this general policy against construing agreements of the type involved here so as to confer immunity from liability for negligence is especially desirable in cases where a relationship once entered upon involves a status requiring of one party greater responsibility than that

of the ordinary person and where the parties have not equal bargaining power and one party must either accept what is offered or be deprived of the relation. Certain language in defendant's memorandum in opposition to this demurrer would appear to a certain extent to indicate the applicability of the foregoing language to the facts of this case—notably where defendant argues: "If this meritorious function [summer camp] is to be kept within the financial means of the greatest number of boys, some concession must be made. The concession in this case was the waiver of liability provision in the camp contract for which has been substituted a personal accident insurance policy to protect the boys and their parents from unfortunate casualties. These were the only terms available to the plaintiff and his parents and they accepted them readily."

In other words, low-income families desiring to take advantage of the opportunity to give their sons the advantages of a Boy Scout camp have no choice other than to sign a waiver absolving the camp from liability for acts of negligence of those responsible for the safety and lives of their sons. In this situation, the language of the court in *Parillo* v. *Housing Authority,* supra, seems particularly in point, where it is stated (p. 107): "It can hardly be said to be in the public interest to countenance a policy which would deprive families of low income, otherwise eligible, of the opportunity to obtain dwelling accommodations expressly made available for them by the use of public funds unless they consented to assume the risks flowing from the negligence of the authority in carrying on its operations."

We must bear in mind this general public policy against agreements exempting parties from liability for their own negligence when we consider whether the alleged waiver is binding upon this minor plaintiff. In 25 American Jurisprudence 66, § 101, and 27

American Jurisprudence 848, § 129, it is pointed out that no waiver made by a guardian ad litem or next friend can bind a minor, and although it is true, as pointed out by defendant, that these sections are concerned with the conduct of a minor's representative who is in litigation, they are at least illustrative of the policy of the law which attempts in every way possible to protect infants. As examples of this policy, see *Chicago, R.I. & P. Ry. Co.* v. *Lee,* 92 F. 318; *Pennsylvania Co.* v. *Purvis,* 128 Ill. App. 367; *International & G. N. Ry. Co.* v. *Hinzie,* 82 Tex. 623; note, 37 A.L.R. 11, 77.

Following the principles of construction mentioned above, it is doubtful that either the mother or father of this minor plaintiff had the power or authority to waive his rights against the defendant arising out of acts of negligence on the part of the defendant. A portion of defendant's argument in its memorandum in opposition has to do with the acknowledgment by plaintiff's mother "that every sane and customary precaution had been taken and proven and acceptable appliances placed at the camp to insure the safety of everyone." These are arguments to be made at the trial on the question of whether or not defendant was negligent.

The demurrer of plaintiff to the special defense is sustained, without regard to whether the waiver in question was signed by the plaintiff's mother or father.