CITIZENS TRUST COMPANY and J. A. Marine Corporation, Plaintiffs,

v.

The NEW ENGLAND DREDGE & DOCK COMPANY, Defendant.

Civ. No. 11476.

United States District Court
D. Connecticut.

Nov. 7, 1966.

John P. Kane, Hartford, Conn., for plaintiffs.

John W. Hogan, Jr., New Haven, Conn., for defendant.

TIMBERS, Chief Judge.

Plaintiffs, owner and security interest holder of a marine construction dredge, orally contracted with defendant to tow the dredge from Cos Cob Harbor, where it was docked, to New Haven Harbor. While being towed, the dredge was sunk in Cos Cob Harbor on June 18, 1965. Plaintiffs sued defendant to recover damages for alleged negligence and breach of warranty.

Defendant's answer denies the material allegations of the complaint, alleges two special defenses and sets forth a counterclaim. The counterclaim in substance alleges that as part of the consideration for the oral towage contract plaintiffs accepted an express disclaimer by defendant of all financial responsibility and liability on its part arising out of the proposed towing operation.

Plaintiffs' motion, pursuant to Rule 12(b) (6), Fed.R.Civ.P., to dismiss the counterclaim for failure to state a claim upon which relief can be granted, presents the question whether defendant tower could contract away liability for its own acts of negligence or breach of warranty. The Court holds it cannot do so.

Aside from the general public policy of the State of Connecticut against agreements exempting parties from liability for their own acts of negligence (Fedor v. Mauwehu Council, 21 Conn. Supp. 38 (Super.Ct.1958); Parillo v. Housing Authority of New Haven, 16 Conn.Supp. 106 (Super.Ct.1949)), federal law is clear that public policy forbids a tower to contract away liability for its own negligent towage. Bisso v. Inland Waterways Corp., 349 U.S. 85 (1955); see Boston Metals Co. v. Winding Gulf, 349 U.S. 122 (1955); Dixilyn Drilling Corp. v. Crescent Towing & Salvage Co., 372 U.S. 697 (1963).

The counterclaim is dismissed.

In view of the Court's dismissal of the counterclaim, plaintiffs' motion, pursuant to Rule 12(f), Fed.R.Civ.P., to strike the first special defense is granted, for the same reasons; plaintiffs' motion to strike paragraph 3 of the counterclaim is denied as moot.

Plaintiffs' motion, pursuant to Rule 12(e), Fed.R.Civ.P., for more definite statement with respect to the first special defense and the counterclaim is denied as moot; plaintiffs' motion for more definite statement with respect to the second special defense is denied for the reason that this is not "a pleading to which a responsive pleading is permitted." (Rule 12(e), cl. 1).