[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#122)
The plaintiff, Salvatore Lombardo, has brought suit for injuries he sustained while playing softball at Smith Memorial Park in Middletown, Connecticut. The plaintiff claims that he was injured when he collided face first with a chain link fence while chasing a fly ball during a softball game. Counts three and four of the plaintiff's complaint allege negligence and public nuisance against the City of Middletown (City). The City now moves for summary judgment asserting that the release of liability signed by the plaintiff leaves no genuine issues of material fact to be tried.
Prior to participating in the softball league, the plaintiff signed a form entitled "Medical Release/Parental Permission" which contained the following language:
 "TO THE FULLEST EXTENT PERMITTED BY LAW I agree to indemnify and hold harmless the City of Middletown and it's [sic] employees from any injuries or damages caused by or resulting from participation in this program." (Emphasis in original.)
The defendant City claims that the plaintiff entered into this exculpatory agreement in which he agreed to give up any claims against the City. The defendant argues that since there are no genuine issues of material fact, the court should give effect to the contract between the parties and enter judgment in the City's favor. The plaintiff, however, argues that summary judgment should be denied and sets forth two main arguments in opposition to the motion. The plaintiff claims that: (1) agreements exempting parties from liability for their own negligence are not favored by law, and (2) there is a genuine issue of material of fact as to plaintiff's assent to the terms of the waiver.
"The Connecticut Supreme Court has not yet ruled upon whether or not a waiver of negligence claims, by an adult participant in an athletic event, can be enforced. A lower Connecticut court has CT Page 6211 held an agreement which exempted a Boy Scout camp from liability was void as against public policy." Claveloux v. Downtown RacquetClub, Superior Court, judicial District of New Haven, Docket No. 291614 (June 25, 1993, Gordon, J., 8 C.S.C.R. 796), rev'd on other grounds, 44 Conn. App. 691, ___ A.2d ___ (1997), citingFedor v. Mauwehu Council, 21 Conn. Sup. 38, 143 A.2d 466 (1958). In Rodriguez v. Gilbertie, 33 Conn. Sup. 582, 363 A.2d 759
(1976), and Parillo v. Housing Authority, 16 Conn. Sup. 106, ___ A.2d ___ (1949), the courts refused to allow the defendants to take advantage of a contract provision that sought to absolve them from damages. In both cases, however, the alleged actions of the defendants involved violations of statutory or building code provisions.
"A court should be cautious about holding contract provisions unenforceable because of violations of public policy unless the public policy reasons are absolutely clear such as barring attempted abrogation of ameliorative statutes or rectification of completely uneven bargaining power where a minor's interest for example are sought to be bound in an `unfavorable way.'" Arrudav. Donham and Dover Inv. Prop., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 520972 (July 11, 1994, Corradino, J.). In the present case, the alleged actions of the defendant involved a failure to build a field with a warning track. It is general policy that "[p]arties may not stipulate for protection against liability for negligence in the performance of a duty imposed by law or where public interest requires performance." Fedor v. Mauwehu Council, supra, 21 Conn. Sup. 39; see 6 Williston, Contracts (Rev. Ed.) § 1751C. It cannot be said that, under the present set of facts, the City's waiver seeks this type of immunity. Accordingly, the court finds that the present case does not warrant a finding that the enforcement of the waiver would be against public policy.
The court must next determine whether the plaintiff has raised any genuine issues of material fact as to his assent to the terms of the release. "The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so. . ." (Citations omitted; internal citation marks omitted.) DiUlio v.Goulet, 2 Conn. App. 701, 704, 483 A.2d 1099 (1984).
The Appellate Court in DiUlio v. Goulet, supra. CT Page 62122 Conn. App. 701, found that even though the plaintiff had signed a release, the plaintiff's deposition and counter affidavit raised a genuine issue of material fact as to her assent to the terms of the release and determined that the motion for summary judgment should not have been granted. Similarly, in Claveloux v. DowntownRacquet Club, supra, 8 C.S.C.R. 796, the court found that while some exculpatory agreements can be valid, their validity depends on proper notification to the patron or participant. The court denied summary judgment because the plaintiff's affidavit raised factual questions regarding the scope of release, the intent of the parties, and the adequacy of the notice.
Unlike the plaintiffs in DiUlio and Claveloux, the plaintiff in the present case never submitted an affidavit. As a result, the plaintiff has failed to raise any factual issues regarding the scope of the waiver, the intent of the parties or the adequacy of the notice. The plaintiff's deposition, submitted in conjunction with this motion, also fails to raise any factual questions as to his assent to the terms of the release. In fact, a review of the deposition reveals that the plaintiff understood the waiver to mean that "the city's not liable in case of an injury." Deposition Transcript, p. 18.
Had the plaintiff submitted an affidavit raising any factual issues, the court may have been persuaded to deny the defendant's motion for summary judgment. However, in light of the plaintiff's failure to submit an affidavit and demonstrate the existence of a genuine issue of material fact, the court finds that summary judgment should enter.
Based on the foregoing, the City's motion for summary judgment is granted.
Arena, J.