[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision on Motion to Strike
The plaintiff, a high school student, sustained injuries while a passenger in a police cruiser the operator of which, it is claimed, lost control of the cruiser when responding to what was believed to be a domestic dispute involving a "pistol". It is claimed that was operating the vehicle at a high speed with its emergency lights and siren operating.
It is claimed, by special defense that the plaintiff and his parent Suzanne Howroyd, here ppa had signed a general release waiver form to allow the minor plaintiff to participate in a "ride along" program, referred to in the release as a student internship program. The release waives liability ". . . upon or by reasons of my accompanying member of said department on routine patrol."
The defendant, the officer and the Town of Manchester, pled the "release and waiver" as a special defense. The plaintiffs move to strike the special defense, claiming in essence that the "waiver and release" is contrary to public policy and hence is invalid:
"The principle that agreements contrary to public policy are void should be applied with caution and only in cases plainly within the reasons on which that doctrine rests . . . ." Williamsv. Vista Vestura, Inc., 178 Conn. 323, 328 (1979). It is noted that two public policies may be herein appropriate. Where statutes and ordinances involve the protection of human life, and conceivably human health, waiver may be inappropriate and legally ineffective. See L. Kereux v. Hurley, 117 Conn. 347, 357 (1933). Second, the law does not favor waivers executed by minors or adults on behalf of minors. See Fedor v. Mauwehu Council,21 Conn. Sup. 38, 40, 41 (1958). The latter case involved the potential deprivation, on the basis of economic poverty, of children to attend summer camp, a traditional youth activity which was made conditional upon the signing of a liability waiver.
The facts pleaded in the instant case do not support an inference of economic discrimination or any other form of legally prohibited discrimination imposed by the necessity of signing a waiver. Rather, it appear that the waiver is required to CT Page 12565 participate in a special program which is not thought to be the type of general educational program which forms a traditional part of the curriculum required by state law or regulation.
This court cannot determine on the basis of the fact pleaded, that the "release waiver" is necessarily and prima facia contrary to public policy. The interpretation of this contract, within the context of the circumstances out of which the agreement arose, is at least in part a question of fact. It should also be noted that even if the contract is eventually determine to not violate public policy there remains the factual question of whether the police response to this call was within the terms of the agreement as a "routine patrol", or conversely was of such an emergency response as to the beyond the concept of "routine patrol."
For the reasons set forth herein, the motion to strike the special defense is denied.
SULLIVAN, L., J.