[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
This three count complaint against the defendant, Connecticut Valley Fitness Centers, Inc., pursuant to General Statutes § 52-592, the accidental failure of suit statute, alleges in a revised complaint dated November 11, 1994, that on April 9, 1991, while swimming in the pool at the defendant's facility the plaintiff suffered serious injury when a jet of chlorine gas was expelled directly into her face.
Count one alleges that this accident was the result of the defendant's employees' negligence, recklessness and carelessness in various specifications. Count two alleges that the defendant breached a written membership contract with the plaintiff by failing to provide a safe facility fit for the intended use. Count three alleges that the defendant entered into an oral or implied contract with the CT Page 10109 plaintiff whereby the defendant promised that the facilities would be in a safe condition and fit for the intended purpose and such oral or implied contract was allegedly breached by the defendant when the plaintiff was exposed to the toxic chlorine gas.
On May 13, 1997, the defendant filed this motion for summary judgment accompanied by a supporting memorandum of law, sworn affidavits, deposition transcripts and other documents. The plaintiff filed an objection to the motion for summary judgment and a supporting memorandum of law.
 I
Defendant claims that the first count, sounding in negligence, is barred by the applicable statute of limitations, General Statutes § 52-584. The plaintiff counters that she commenced an action within the limitations period because she served the defendant with an application for a pre-judgment remedy which, according to her argument, serves the same purpose as serving a writ of summons and complaint by giving notice and demanding that the defendant appear. The plaintiff argues, that since the action was properly commenced within the time provided by law it can be revived through the accidental failure of suit statute, General Statutes § 52-592.
Earlier, in the present case, the plaintiff's application for a pre-judgment remedy was dismissed on November 3, 1993 by this court "because no original summons and complaint was served." The plaintiff argues, nevertheless, that General Statutes § 52-592 is applicable to cases even where dismissal enters for defective service.
In Connecticut an action is commenced once the writ, summons and complaint have been served upon a defendant; General Statutes § 52-45a; Practice Book § 49; Rana v.Ritacco, 236 Conn. 330, 337 (1996). An action is commenced on the date of service of the writ upon the defendant.Hillman v. Greenwich, 217 Conn. 520, 527 (1991). "An action is not `commenced' until process is actually served upon the defendant." Lacasse v. Burns, 214 Conn. 464, 475 (1990).
The plaintiff's prejudgment remedy action was never "commenced" because, as this court previously found, a writ CT Page 10110 of summons was never served. Because the plaintiff never "commenced" an action, even for a pre-judgment remedy, against the defendant, the accidental failure of suit statute does not apply.
The plaintiff was allegedly injured on April 9, 1991 and served the present complaint on July 28, 1994. Thus the action was not commenced within the time frame provided by General Statutes § 52-584, is time barred under that statute and accordingly, defendant's motion for summary judgment as to the first count of the plaintiff's complaint is granted.
 II
As to Plaintiff's claim under Count Two that defendant breached its written contract by failing to provide a safe facility, the defendant argues that a disclaimer in the membership agreement between the parties eliminated the liability of the defendant for injuries resulting from the use of the defendant's facilities. The contract provides under the heading "Additional Membership and Payment Terms" the following:
 SERVICES: . . . USE OF OUR FACILITIES IS AT YOUR OWN RISK, AND WE SHALL NOT BE LIABLE FOR ANY INJURY OR DAMAGES RESULTING FROM YOUR USE OF OUR SERVICES AND FACILITIES. IF YOU ARE AWARE OF ANY PERSONAL HEALTH PROBLEMS, WE URGE YOU TO SEE YOUR DOCTOR BEFORE USING OUR FACILITIES.
Because the disclaimer was intended to preclude claims for breach of contract in the event a member was injured in the facility and because the plaintiff was familiar with the disclaimer having been employed by the defendant as a membership salesperson, the defendant argues that the terms of the contract should govern and the plaintiff should be precluded from bringing an action for breach of contract. The plaintiff contends that the disclaimer was understood by the plaintiff to limit liability to the defendant only for injuries sustained by a member because of the member's health conditions or because of the misuse of properly maintained facilities, but not to injuries resulting from an unforeseeable defective condition of the facility.
Contract interpretation is generally a question of fact CT Page 10111 for the trial court. Gurliacci v. Mayer, 218 Conn. 531, 567
(1991). "Generally speaking, agreements exempting parties from liability for their own negligence are not favored by the law and, if possible, are construed so as not to confer immunity from liability." Fedor v. Mauwehu Council BoyScouts of America, Inc., 21 Conn. Sup. 38, 39 (1958). Furthermore, the risk covered by a disclaimer must be a risk contemplated by the parties. See White Oak Corp. v.Department of Transportation, 217 Conn. 281, 291 (1991).
Although there are no Connecticut cases on point, other jurisdictions have held that as a general rule, a disclaimer of liability in a health club membership contract does not extend to dangers a patron would not reasonably be expected to foresee or guard against, such as an explosion of fumes from chemicals being used by club employees. Annot., 79 A.L.R. 4th 127, 137 (1990). It has been held that in order for the agreement that the patron assume the risk to be effective, it must also appear that its terms were intended by both parties to apply to the particular conduct of the defendant which caused the harm. Larsen v. Vic RannyInternational, 474 N.E.2d 729, 732 (Ill.App. 5 Dist. 1984). In that case, the Illinois court stated "A plaintiff's decision to assume the risk of injury resulting from a defendant's conduct attains efficacy only in a context in which the plaintiff may foresee the range of possible danger to which he subjects himself, thus enabling the plaintiff to minimize the risk by altering his conduct in order to employ a proportionately higher degree of caution. . . . The assertion that such a plaintiff would necessarily contemplate the danger of [a noxious emission of chlorine gas] . . . is untenable according to the standards of common experience."
In the present case the plaintiff argues that she understood from the plain language of the disclaimer that the defendant would be relieved from liability only for those injuries resulting from a member's misuse of the facilities or from that member's physical conditions rather than from the defective conditions of the facilities. The last sentence of the disclaimer, which provides: "If you are aware of any personal health problems, we urge you to see your doctor before using our facilities", implies that the defendant would not be liable for injuries sustained by a member because of that member's health condition. Under CT Page 10112 the language of the disclaimer, reasonable persons could disagree on the issue of whether that disclaimer covered situations where members sustained injuries caused by the negligence of the club's employees or is limited to situations in which an injury is caused by a patron's misuse of the facilities or that patron's health condition. This presents an issue of material fact which precludes summary judgment, and defendant's motion for summary judgment as to the second count is denied.
 III
The written membership agreement between the parties provides in pertinent part that: "the terms on both sides of this Contract constitute the full agreement between you and us, and no oral promises are made part of it." The membership agreement also provides that: "[t]his Contract constitutes the entire and exclusive agreement between the parties. Any promise, representation, understanding and/or agreement pertaining directly or indirectly to this Contract which are not contained herein, are hereby waived."
The defendant argues that the written membership agreement between the parties expressly disclaims the existence of an oral contract between them and that the claim lacks any evidentiary foundation. The plaintiff claims that the existence of an oral or implied contract between the plaintiff and the defendant is a question of fact and, as such, precludes the court from granting summary judgment.
It is true as defendant urges that in Christensen v.Bic Corp., 18 Conn. App. 451, 454 (1989) the Appellate Court stated that the existence of an implied contract is a question of fact. The court also stated, however, that an implied contract depends on "the existence of an actual agreement between the parties" and where the plaintiff's evidence did not show that defendant, either by its words or conduct, entered into an implied contract with the plaintiff the court held that the case should not have gone to the jury.
Although the defendant has the burden of presenting evidence that shows the absence of any genuine issue of material fact, the opposing party must substantiate its CT Page 10113 adverse claim with evidence disclosing the existence of such an issue. Haesche v. Kissner, 229 Conn. 213, 217 (1994). A party's "conclusory statements, in the affidavits and elsewhere . . . do not constitute evidence sufficient to establish the existence of disputed material facts." Guptav. New Britain General Hospital, 239 Conn. 574, 583 (1996). In this case the plaintiff has failed to substantiate her allegations about the existence of an oral or implied contract between her and the defendant either by proffering concrete evidence or an affidavit on the issue and therefore failed to establish the existence of a genuine issue of material fact. Motion for summary judgment is granted as to the third count of the complaint.
In summary, defendant's motion for summary judgment is granted as to the first and third counts but denied as to the second count.
Jerry Wagner Judge Trial Referee