[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (DOCKET ENTRY NO. 114)
The plaintiff has moved to strike the defendant's special defense alleging that the plaintiff signed a waiver releasing the defendant from liability. Said waiver was signed by the plaintiff prior to his participation in a fast-serve charitable event at the Volvo International Tennis Tournament in August, 1995. The plaintiff paid a $2.00 charitable donation fee to participate in the IBM Special Zone for Charity event to measure the speed of his tennis serve. The plaintiff moves to strike on the ground that the special defense is void because it violates public policy.
"A court should be cautious about holding contract provisions unenforceable because of violations of public policy unless the public policy reasons are absolutely clear. . . ." Arruda v.Donham and Dover Investment Properties, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. 520972, 12 CONN. L. RPTR. 112 (July 11, 1994; Corradino, J.). "The Connecticut Supreme Court has not yet ruled upon whether or not a waiver of negligence claims, by an adult participant in an athletic event, can be enforced." Claveloux v. Downtown Racquet ClubAssociates, Superior Court, judicial district of New Haven, Docket No. 291614 (June 25, 1993; Gordon, J.) (9 CONN. L. RPTR. 336,8 C.S.C.R. 796), rev'd on other CT Page 10981 grounds, 44 Conn. App. 691, cert. granted, 243 Conn. 917 (1997).
In Burkle v. Car Truck Leasing Co., 1 Conn. App. 54,56-57, 467 A.2d 1255 (1983), the court held that a hold harmless agreement for "all liability" includes liability arising from the lease of a vehicle in defective condition. The court further held that the agreement does not violate public policy. The court reasoned that the legislature, in specifically outlawing hold harmless agreements in the construction industry, "showed an intention that such a practice not be deemed against public policy in other situations. . . ." Id., 58.
The court believes that it is not a clear violation of public policy to enforce a waiver of liability signed by an adult prior to paying a charitable donation in order to participate in a game booth which determines the speed of the participant's tennis serve. The case upon which the plaintiff relies, Fedor v.Mauwehu, 21 Conn. Sup. 38, 143 A.2d 466 (1958), is distinguishable in that it concerned the waiver of liability in a situation involving a minor, the validity of the waiver of his rights by his parents, unequal bargaining power, and a status requiring greater responsibility than that of an ordinary person on the part of the party seeking to enforce the waiver. Id., 39-40. Here the public policy reasons allegedly prohibiting waiver of liability are not sufficiently clear to bar the special defense of waiver of liability. Accordingly, the motion to strike is denied.
SKOLNICK, J.