DEBORAH DiULIO *v.* RICHARD GOULET ET AL.
(2456)

HULL, BORDEN and SPALLONE, Js.

Argued October 12—decision released November 20, 1984

---

*Sanford J. Plepler,* with whom, on the brief, was *David T. Walpole,* for the appellant (plaintiff).

*Thomas P. Barrett,* with whom were *Julie A. Harris* and, on the brief, *William J. Gallitto,* for the appellee (defendant National Association for Stock Car Auto Racing, Inc.).

HULL, J. This case involves the validity of a release of liability signed by the plaintiff, who subsequently suffered injuries due to the alleged negligence of the named defendant and others. The trial court granted the motion for summary judgment filed by the defendant National Association for Stock Car Auto Racing, Inc. (NASCAR), concluding that the release was valid and that the plaintiff's signature bound her to the agreement. The plaintiff appeals from the summary judgment rendered against her.[1]

At approximately 6 p.m. on May 16, 1980, the plaintiff, Deborah DiUlio, arrived at Stafford Springs Speedway to observe her boyfriend, the defendant Richard Goulet, race his car. She went to the pit area where Goulet's car was being prepared for the upcoming race. To gain entry to the pit area, the plaintiff had to wait in line with a number of other people by a gate. Before being allowed through the gate, she was required to sign both a form entitled "Release of Liability" and a pit permit which she was to retain while in the pit area.

Approximately one hour later, DiUlio was injured as she walked between the front of Goulet's car and the

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

rear of the trailer which was used to transport the car to the racetrack. A mechanic, the defendant Edmund Leduke, was behind the wheel of the car when it jerked forward and pinned the plaintiff between the two vehicles. DiUlio brought suit, claiming negligence, against Goulet, Leduke and NASCAR, which conducted the racing on the night in question.

NASCAR moved for summary judgment asserting that the release of liability and pit pass signed by the plaintiff left no genuine issues of material fact to be tried. In support of its motion, NASCAR attached several pages of transcript from DiUlio's deposition. DiUlio responded by filing a counteraffidavit. Both her affidavit and the deposition transcript contain statements suggesting that DiUlio was rushed through the gate and was unable to read the documents which she signed.[2] We find error.

Cases involving negligence are ill-suited to determination by summary judgment. *Fogarty* v. *Rashaw,* 193 Conn. 442, 446, 476 A.2d 582 (1984); *Spencer* v. *Good Earth Restaurant Corporation,* 164 Conn. 194, 198, 319 A.2d 403 (1972). Summary judgment should only be granted when there is no genuine issue of material fact remaining in the case. Practice Book § 384; *Burns* v. *Hartford Hospital,* 192 Conn. 451, 455, 472 A.2d 1257 (1984); *Batick* v. *Seymour,* 186 Conn. 632, 647, 443 A.2d 471 (1982); *United Oil Co.* v. *Urban Redevelopment Commission,* 158 Conn. 364, 372, 260 A.2d 596 (1969). Here, even though the plaintiff signed a release, the plaintiff's deposition and counteraffidavit raise a

---

[2] In the deposition, the following exchange took place:

"Mr. Barrett: This is a Proof of Loss for Participant Accident Report.

"Q. Would you tell me why there is no reason you could read it.

"A. Because there is a big line, and they just want you to sign and go."

Paragraph four of the plaintiff's counteraffidavit contains the following statement: "I did not read any part of the Pit Permit or the Release form because the gatemen rushed me as well as other people in the long line through the gate."

genuine issue of material fact as to her assent to the terms of the release. If there was no mutual assent, the release was not valid. *Griffin* v. *Nationwide Moving & Storage Co.*, 187 Conn. 405, 414, 446 A.2d 799 (1982); *Malone* v. *Santora,* 135 Conn. 286, 291, 64 A.2d 51 (1949); *Maynard* v. *James,* 109 Conn. 365, 370, 146 A. 614 (1929); Calamari & Perillo, Contracts (2d Ed.) pp. 23-24. "The general rule is that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is his duty to read it and notice of its contents will be imputed to him if he negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a man of reasonable business prudence off his guard in the matter." (Citations omitted.) *Ursini* v. *Goldman,* 118 Conn. 554, 562, 173 A. 789 (1934). Obviously, the trial court accepted NASCAR's affidavit and discounted the plaintiff's counteraffidavit, in effect, resolving the issue of the plaintiff's assent to the release in favor of the defendant. This is not the function of the court when ruling on a motion for summary judgment. Its proper role is not to try issues of fact but to determine whether there is a material issue of fact. *Batick* v. *Seymour,* supra, 647; *Associates Discount Corporation* v. *Smith's Lincoln-Mercury Sales, Inc.,* 153 Conn. 176, 180, 214 A.2d 909 (1965). In light of this holding, we do not reach the plaintiff's claim that public policy disfavors releases such as the one present in this case.

There is error, the judgment is set aside and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.