[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 1888
On March 1, 1996, the plaintiffs, Jan and Stephanie Carendi, (through Laura Carendi)[1] filed a four-count amended complaint in this negligence action against the defendants, Silver Horseshoe Stables, Inc. and Susan Crandley Ambrose.[2]
On or about October 17, 1992, the plaintiffs went to the Silver Horseshoe Stables, Inc. to take horseback riding lessons. (Complaint, Count One, ¶ 14.) The defendants provided a horse named "Dollar" for the plaintiff, Jan Carendi (hereafter "Carendi"), to use as part of his riding lesson for the day. (Complaint, Count One, ¶ 16.) Carendi attempted to retrieve "Dollar" from his stall prior to the lesson. When Carendi entered the horse's stall, "Dollar" kicked Carendi in the face causing serious injuries to the area of his eye. (Complaint, Count One, ¶ 17.) Carendi alleges that the carelessness and negligence of the defendants caused his injuries. (Complaint, Count One, ¶ 18.) Stephanie Carendi, by and through her mother, Laura Carendi, alleges that she witnessed the infliction of the injury to her father. Jan, and as a result she has suffered mental anguish and emotional distress. (Complaint, Count Three, ¶ 18.) Therefore, Stephanie Carendi brings an action for negligent infliction of emotional distress under counts three and four. (Complaint, Counts Three Four.)
The defendants move for summary judgment as to counts one and two on the grounds that the waiver release signed by the plaintiff relieves the defendants of any liability. As to counts three and four, the defendants move for summary judgment on the ground that the plaintiff has failed to allege facts to demonstrate a serious emotional injury in order to sustain an action for negligent infliction of emotional distress. In support of their motion, the defendants have submitted with the memorandum in support a student instruction form, a copy of General Statutes § 52-557p, and excerpts of Jan Carendi's deposition. On April 17, 1998, the plaintiff filed a memorandum in opposition with the following attachments: an affidavit from Jan Carendi, excerpts from the deposition of Susan Ambrose, and excerpts from the Jan Carendi deposition.
 A. Counts One Two — Negligence
The defendants move for summary judgment with respect to counts one and two on the ground that the waiver signed by Carendi releases the defendants from any liability, therefore CT Page 1889 they are entitled to judgment as a matter of law. The release Carendi signed states, "I hereby agree to abide by the rules of the stable. I further agree to hold the Silver Horseshoe Stable, Inc. and anyone connected with the stable, free from claims, demands or expenses that may be occasioned by me or the horses used by me. Silver Horseshoe Stable, Inc. will not be responsible for any accident, injury, or loss which may occur to any rider, spectator, or property at the stable." (Defendant's Supporting Memorandum, Exhibit A.) Carendi contends that the release in question does not specifically release the claims that arose as a result of Silver Horseshoe Stable, Inc.'s negligence. Carendi argues that the release applies only to claims arising from his failure to abide by the rules and asserts that a genuine issue of fact exists in regard to the scope of the release.
The defendants rely on Lombardo v. Maguire Group, Inc.,
"Superior Court, judicial district of Middlesex at Middletown, Docket No. 077767 (June 6, 1997, Arena, J.) (3 Conn.Ops. 760), to support their motion. In Lombardo, the court held that parties may not stipulate for protection against liability for negligence in the performance of a duty imposed by law or where public interest requires performance. Id., 761. Here, the defendants assert that the release signed by Carendi did not violate any duty imposed by law nor any public policy. Therefore, the defendants contend that the waiver serves to release the defendants of any liability.
The defendants' reliance on Lombardo is misplaced, however. The court in Lombardo granted summary judgment in favor of the defendant due to the plaintiff s failure to raise any factual issues regarding the scope of the waiver, the intent of the parties, or the adequacy of notice. Id. By contrast, Carendi has raised issues of fact in his affidavit regarding the scope of the waiver and the parties' intent. (Plaintiffs' Opposing Memorandum; Jan Carendi's Affidavit ¶¶ [6, 7, 8.) Carendi asserts that the release in question could be interpreted to mean that he would only be liable for injuries sustained where he failed to abide by the rules of the stable. (Plaintiffs' Opposing Memorandum; Jan Carendi's Affidavit ¶ 16.) Furthermore, by signing the release, Carendi was not contemplating that he was giving up his right to bring a claim under any and all circumstances, nor was he apprised that he was releasing the defendants from responsibility for their own negligence. (Plaintiffs' Opposing Memorandum; Jan Carendi's Affidavit [¶¶ [7 8.) A question of intent raises an issue of material fact, which cannot be decided on a motion for summary CT Page 1890 judgment. Suarez v. Dickmont Plastics Corp, 229 Conn. 99, 111,639 A.2d 507 (1994).
"[T]he general rule [is] that a contract is to be interpreted according to the intent expressed in its language and not by an intent the court may believe existed in the minds of the parties . . ." (Citations omitted.) Levine v. Massey,232 Conn. 272, 278, 654 A.2d 737 (1995). "[O]rdinarily the question of contract interpretation, being a question of the parties' intent, is a question of fact . . . [w]here there is definitive contract language, the determination of what the parties intended by their contractual commitments is a question of law . . ." (Citations omitted; internal quotations marks omitted.) Id., 277-78.
"[A]ny ambiguity in a contract must emanate from the language used in the contract rather than from one party's subjective perception of the terms . . ." (Citations omitted.) Id., 279. "Absent a statutory warranty or definitive contract language, the trial court's interpretation of a contract, being a determination of the parties' intent, is a question of fact . . ." (Citation omitted; internal quotation marks omitted.) Lawson v. Whitey'sFrame Shop, 241 Conn. 678, 686, 697 A.2d 1137 (1997).
Although the defendants contend that the terms of the release are clear and unambiguous, at least one court has found that a release must specifically exempt liability for negligence in order for it to be effective. See Bashura v. Strategy Plus, Inc.,
Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050871, 21 CONN. L. RPTR. 59 (November 20, 1997, Corradino, J.). The release in question here does not have explicit language releasing the defendant from liability for their own negligence . . ." Moreover, "[t]he law does not favor contract provisions which relieve a person from his own negligence. (Citations omitted.) Griffin v. Nationwide Moving Storage Co., 187 Conn. 405, 413, 446 A.2d 799 (1982).
"Here, even though the plaintiff signed a release, the plaintiffs deposition and counter affidavit raise a genuine issue of material fact as to her assent to the terms of the release. If there was no mutual assent, the release was not valid . . ." (Citations omitted.) DiUlio v. Goulet, 2 Conn. App. 701, 703-4.483 A.2d 1099 (1984). The release that the defendants use in support of their motion raises a genuine issue of material fact as to the parties' intent and as to the scope of the release. Accordingly, the defendants' motion will be denied as to counts CT Page 1891 one and two.
 B. Counts Three Four — Negligent Infliction of Emotional Distress
The defendants argue that the plaintiff. Stephanie Carendi, cannot as a matter of law, recover for negligent infliction of emotional distress. The defendants rely on Clohessy v. Bachelor,237 Conn. 31, 675 A.2d 852 (1996), to support their contention that Stephanie Carendi has not suffered a "serious emotional injury" as required to substantiate a claim for bystander emotional distress. Under Clohessy, a bystander may recover damages for emotional distress, if the emotional injury is serious, beyond which would be anticipated by a disinterested witness and which is not the result of an abnormal response.Clohessy v. Bachelor, supra, 237 Conn. 56. "Compensation for mental pain and anguish over injury to a third person should only be allowed where the emotional injury is both severe and debilitating . . . A non-exhaustive list of examples of serious emotional distress includes neuroses, psychoses, chronic depression, phobia and shock . . ." (Citations omitted; internal quotation marks omitted.) Id.
The defendants have submitted a transcript of Carendi's deposition showing that Stephanie Carendi's emotional injury does not rise to the level of seriousness as required under Clohessy.
(Defendant's Memorandum, Exhibit C, Deposition of Jan Carendi.) In his deposition Carendi states that Stephanie Carendi has not required any professional assistance, has not suffered any eating or sleeping disorders, and has not experienced scholastic problems, since the alleged incident; furthermore, Stephanie remained active and excelled with honors in regards to her scholastic achievement. (Deposition of Jan Carendi, pp. 49-51.)
The plaintiffs have not opposed the defendants' motion for summary judgment as to counts three and four. Therefore, the plaintiffs have failed to raise a genuine issue of fact as to serious emotional injury. As a result, the defendants are entitled to judgment as a matter of law under Clohessy.
Accordingly, the defendants' motion for summary judgment as to counts three and four will be granted.
In conclusion, the defendants' motion for summary judgment (#140) is denied as to counts one and two, and granted as to counts three and four. CT Page 1892
HARTMERE, J.