[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
November 25, 1998, defendant, SCORE GROUP, INC., filed a Motion for Summary Judgment arguing that the plaintiff could neither prove that the defendant owed her a duty nor that the defendant's acts proximately caused her injuries. The plaintiff, SANDRA COULOMBE, filed a memorandum in opposition to the motion, contending that there were numerous facts in dispute, including whether or not the defendant owed a duty to her and whether or not the defendant's conduct met the requisite standard of care. Plaintiff also contested the defendant's argument that the issue of proximate cause could be resolved in a summary judgment motion.
I. FACTUAL BACKGROUND
The pertinent facts in this case are the following. The plaintiff was working as a merchandiser for Gibson Greetings in the FM Stores in Manchester, Connecticut when she slipped and fell on the floor in the warehouse portion of the store. Plaintiff alleged that she slipped on a slippery substance called CT Page 1456 Thane Coat which had been placed on the floor by the defendant The defendant was hired by FM Store to clean and wax the floors. It used Thane Coat during the cleaning process. As a result of the fall the plaintiff suffered numerous injuries including a fractured hip. Plaintiff brought suit against the defendant, alleging that it had acted negligently by: causing or permitting a slippery wax or wax-like chemical finish to remain on the floor; failing to inspect the floor and discover the hazardous dangerous condition; and failing to warn plaintiff of the dangerous condition despite knowledge. The defendant maintained that it did not owe a duty to the plaintiff because it was acting in accordance with the FM Distributor's Floor Manual when it cleaned the floors. According to that manual, the defendant argued, FM was in charge of supplying products and directing the manner in which the supplies were to be applied to the floor. The defendant subsequently impleaded FM Stores and Smith Chemical Wax, the manufacturer of the wax, claiming that they were responsible for the plaintiff's injuries.
II LEGAL ISSUES
The central legal issue for this court to resolve is whether or not the case presents disputed issues of material fact as to the duty of the defendant and the causal relationship between the defendant's actions and the plaintiff's injuries. For reasons more fully set forth below, this court holds that the questions regarding whether or not the defendant had a legal duty and whether or not the alleged breach of that duty proximately caused the plaintiff's injuries require factual determinations more properly left to the trier of fact.
The plaintiff had argued as one of her grounds for opposing the motion, the fact that the case had been assigned a trial date and yet the defendant had failed to file a Motion for Permission to file a Motion for Summary Judgment. She abandoned that argument at oral argument and agreed with the defendant that the Motion for Permission to File the Summary Judgment Motion should be granted.
A. Motions for Summary Judgment
Summary judgment is granted only where there is no genuine issue as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Practice Book §17-49; Suarez v. Dickmont Plastics Corp. , 279 Conn. 99, 105
CT Page 1457 (1994); Telesco v. Telesco, 187 Conn. 715 (1982). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party[.]" (Internal quotation marks omitted.) Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202-03 (1995). A "motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried."Wilson v. New Haven, 213 Conn. 277, 279 (1989).
It is well established that "[s]ummary judgment procedure is especially; ill-adapted to negligence cases, where, as here, the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." (Internal quotation marks omitted.) Michaud v. Gurney, 168 Conn. 431, 434
(1975); see also Fogarty v. Rashaw, 193 Conn. 442, 446 (1984);DiUlio v. Goulet, 2 Conn. App. 701, 703 (1984). A determination of negligence is necessarily one of fact. Michaud v. Gurney, supra, 434. As such, "[i]ssues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." (Citations omitted). Maffucci v.Royal Pk. Ltd. Partner, 42 Conn. App. 563, 568 (1996).
B. Standard of Care and Breach of Duty
The defendant maintains in its memorandum that it could not possibly be held responsible for selecting the floor waxing substance, and therefore it is impossible for the plaintiff to establish the existence of a duty or to prove the breach of a duty. In this case, resolving the issues of whether the defendant had a duty under the requisite standard of care or whether or not the defendant breached a duty requires a factual determination. Contrary to the defendant's argument, in the instant case this court cannot decide these issues, as a matter of law. The defendant would like for this court to find that it met the requisite standard of care because it was following the FM Manual. That fact alone, is insufficient to prevail, in light of contradictory facts offered by the plaintiff. Specifically, the plaintiff attaches to her memorandum signed notes of the Vice President of the defendant, Daniel Cerney, which support her position that the defendant either shared or had the responsibility of selecting the wax for the floor. Whether FM was responsible for selecting the cleaning supplies, as the defendant claims or whether the defendant was responsible, as the plaintiff claims, necessitates a weighing and judging of the CT Page 1458 evidence.
Further, there are other allegations made by the plaintiff, which allege violations of other duties by the defendant. First, the plaintiff claims that the defendant was negligent in permitting a slippery wax or wax-like substance to remain on the floor. Second, the plaintiff claims that the defendant failed to inspect the floors. Third, the plaintiff alleges that the defendant failed to warn. Each of these allegations state violations of duties for which there are clear factual disputes. The issue of duty, or breach of duty cannot be resolved as a legal matter in this case. Therefore, the defendant is not entitled to summary judgment on these issues.
C. Proximate Case
The defendant next claims that it is entitled to summary judgement because the plaintiff has not sufficiently pled and can not prove that its actions were the proximate cause of her injuries. It maintains that even if it breached a duty, the plaintiff cannot prevail because there is no evidence that the defendant's acts caused plaintiff's injuries. To support its position the defendant attaches a portion of plaintiff's expert's deposition. In that portion the expert testified that he did not have specific criticism of the application of the floor finishing material and that he believed that it was the slipperiness of the substance which caused the plaintiff's injuries. This opinion, while perhaps supporting the defense position regarding the matter of duty, fails to establish the absence of proximate cause.
The plaintiff maintains a more tenable position: as a legal matter, the defendant may be held liable, as an independent contractor for the injuries to those who are foreseeably harmed due to its negligence. Minton v. Krish 34 Conn. App. 361, 368
(1994). Plaintiff's expert's deposition testimony does not address the issue of foreseeability. Thus, it does sufficiently leave in dispute the matter of proximate cause.
"Conclusions of proximate cause are to be drawn by the jury and not by the court . . . It becomes a conclusion of law only when the mind of a fair and reasonable man could reach only one conclusion . . . Therefore, the question [of proximate cause] should be submitted to the trier of fact if there is room for reasonable disagreement." (Citations omitted and quotation marks CT Page 1459 omitted). Dufault v. Mastrocola, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV 94 0543343 (March 1, 1996, Hale, J., 1996 Ct. Sup. 1772, 1778). In the instant case, it is clear that reasonable minds could disagree on the issue of proximate cause. The plaintiff has sufficiently pled the issue. The factual support for the defendant's position is ambiguous. Therefore, defendant is not entitled to summary judgment on the issue of proximate cause.
II CONCLUSION
This is a negligence action. Consequently, it is not well-suited for summary judgment. Appellate Court cases are replete with reminders to grant summary judgment motions cautiously when allegations in the plaintiff's complaint sound in negligence. Before such a motion should be granted "[i]t must be quite clear what the truth is, any real doubt must be excluded . . ." Moldavsky v. Kennedy, Superior Court, judicial district of Hartford/New Britain at Hartford, Docket No. CV940533433 (January, 30, 1995, Corradino, J., 1995 Ct. Sup. 621, 2). It is not quite clear what the truth is in this case. The plaintiff has succeeded in establishing that there are material issues of fact in dispute with regard to her allegations of duty, violation of duty and proximate cause. Further, the defendant has failed to prove that it is entitled to summary judgment, as a matter of law. For these reasons, defendant's Motion for Summary Judgment is denied.
___________________________ Angela Carol Robinson Superior Court Judge