[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE' MOTION FOR SUMMARY JUDGMENT BASED UPON RELEASE AND WAIVER IN INDEMNITY AGREEMENT
Plaintiff Henry Hoffman brings this action for compensation for injuries which he allegedly suffered on January 25, 1995 while he was attempting to operate an exercise machine at a private exercise club known as Healthworks, Ltd (hereafter Healthworks). At the time of the alleged injuries the plaintiff held a membership at the facility. The claims against Healthworks are in negligence, and include alleged breaches of its duty to maintain the machine in a proper condition, and to warn the plaintiff as to its defective condition. In this action the plaintiff also asserts claims against Body Master, the manufacturer of the exercise machine. The claims against Body Master are of the product liability variety.
Defendant Healthworks argues that it is not liable to the plaintiff for any injuries which he may have suffered at its health club because he released and waived any claims for any such injuries when on November 13, 1992 he signed his membership agreement containing the waiver. The specific language in the membership agreement on which the defendant relies is as follows:
 [i]n consideration of becoming and remaining a member of the Club, the Member . . . releases, waives, discharges and covenants not to sue the Club, or any of its . . . agents (releasees) from all liability to the member . . . as to all loss or damage, and any claims or demands therefor, on account of injury to person whether caused by the negligence of releasees or otherwise while the Member . . . is upon any portion of the premises. Member . . . agrees to indemnify and save harmless the releasees from any loss, liability, damage or cost they may occur in or upon any portion of the premises . . . whether caused by the negligence of the releases, or . . . otherwise.
CT Page 4679 The defendant also relies upon this language to support the pending Motion for Summary Judgment, filed pursuant to Conn. Prac. Bk. Sec. 17-44, et seq. In setting out the Rules of the Superior Court the judges provided in Section 17-49 of the Connecticut Practice Book that
 [t]he [summary] judgment sought shall be rendered forthwith if the pleadings affidavits and nay other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.
Id.
Defendant Healthworks takes the position that the language of the aforesaid release and waiver clause, including its covenant not to be sued by the plaintiff but to be indemnified by him for any negligence, if any, on its part, exonerates it of any liability. Defendant Healthworks asserts that this language is clear beyond cavil and demonstrates that there is no genuine issue of material fact which would discourage the granting of its Motion for Summary Judgment.
Plaintiff Henry Hoffman disagrees. In his memorandum in opposition to the Motion for Summary Judgment the plaintiff contends that he does not remember signing a document or agreement when he joined Healthworks, and that he was not aware of any of the release, waiver or indemnity provisions advanced by the defendant. The plaintiff argues that he did not assent to the terms of waiver and indemnity urged by the defendant, and that clearly the absence of assent by him means that there was no agreement. Moreover, the plaintiff argues that his claim of absence of knowledge and assent, when juxtaposed against the defendant's assertion to the contrary certainly creates the type of genuine issue of material fact which must be resolved by the trier and not by the court on a Motion for Summary Judgment.
Both parties cite the case of DiUlio v. Goulet,2 Conn. App. 701 (1984) as supportive authority. In DiUlio, supra, the Appellate Court found that the trial court erred in granting summary judgment based upon the signing of a release where the releasee had filed a counter affidavit and deposition which raised a genuine issue of material fact as to that person's assent to the terms of the release. Inasmuch as plaintiff Henry Hoffman has filed a counter affidavit contesting assent to the release CT Page 4680 and waiver language, the court finds that the factual situation in the present case is analogous to that in DiUlio v. Goulet,supra, at least for the purpose of considering the Motion for Summary Judgment.
Inasmuch as the counter affidavit filed by the plaintiff contests his assent to the release and waiver upon which the Motion for Summary Judgment rests, the motion must be and hereby is denied.
Clarance J. Jones, Judge.