[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 7227 PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (#125) DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (#138)
 Factual and Procedural Background
This dispute among neighbors concerns home improvements made by the defendants, Salvatore and Marie Sapia. The plaintiffs, Serge Doyen, Patricia Burd and David Williams, contend that the structural changes made to the Sapias' house have destroyed or diminished their views of the Connecticut River.
On December 8, 1998, the plaintiffs filed a revised complaint in which they allege that the Sapias violated the zoning regulations of the Town of Essex and, in doing so, have caused them irreparable harm. The plaintiffs allege that the Sapias began construction of a third-story addition before obtaining the appropriate permit, in violation of the regulations, and, further, that the zoning enforcement officer illegally issued the permit that the Sapias eventually received. The plaintiffs seek a permanent injunction, money damages, attorney's fees and costs.
The plaintiffs also filed, on December 8, 1998, a motion for summary judgment with the necessary memorandum of law. In that motion, the plaintiffs argue that there exists no genuine issue of material fact with respect to the defendants' liability for the alleged illegal expansion of their home. The plaintiffs seek equitable[1] and legal relief.
Earlier, in March of 1998, two of the plaintiffs, Doyen and Williams, appealed the issuance of the permit to the Zoning Board of Appeals. In May of 1998, after a public hearing, the zoning board of appeals upheld the decision of the zoning enforcement officer. Doyen and Williams have challenged that decision in an administrative appeal currently pending before this court (Docket No. CV 98 0087357 S).[2]
In response to the plaintiffs' pleadings, on January 8, 1999, the defendants filed an answer; claiming five special defenses.[3] The defendants then filed, on February 11, 1999, a memorandum in opposition to the plaintiffs' motion for summary judgment and, simultaneously, their own motion for summary judgment with an accompanying memorandum of law. On February 25, CT Page 7228 1999, the plaintiffs' filed an objection to the defendants' motion for summary judgment with the required memorandum of law.
The defendants assert that they had the requisite permit and the approval of zoning enforcement officer and zoning board of appeals and, therefore, there exists an genuine issue of material fact in dispute — the legality of their actions. With respect to the defendants' motion for summary judgment, the court infers from their pleading,[4] that the defendants argue that there exist no facts in dispute with respect to liability because the additions to their home were made with the approval of the zoning officer and zoning board of appeals or alternatively, that the plaintiffs' claim is barred by various legal theories.[5]
 Standard of Review
"`Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party.'" (Citations omitted.) Orkney v. Hanover Ins. Co.,248 Conn. 185, 201, ___ A.2d (1999). A "party seeking summary judgment has the burden of showing the nonexistence of any material fact"; Connel v. Dolwell, 215 Conn. 242, 246,571 A.2d 116 (1990).
A "material fact is one that will make a difference in the outcome of the case." Hammer v. lumberman's Mutual Casualty Co.,214 Conn. 573, 578, 573 A.2d 699 (1990). In ruling upon a summary judgment motion, the court merely determines whether an issue of fact exists, but does not try the issue if it does exist. Michaudv. Gurney, 168 Conn. 431, 362 A.2d 857 (1975)
 Discussion
A. Jurisdiction
First, the defendants have challenged the jurisdiction of the court. That issue must be resolved before the court may entertain the merits of the parties' respective motions for summary judgment. See Castro v. Viera, 207 Conn. 420, 429, 541 A.2d 1216
(1988). CT Page 7229
"Subject matter jurisdiction involves the authority of a court to adjudicate the type of controversy presented by the action before it. . . . Jurisdiction of the subject matter is the power [of the court] to hear and determine cases of the general class to which the proceedings question belong." Doe v. Roe,246 Conn. 652, 661, 717 A.2d 706 (1998).
There can be no dispute that this court has the authority to hear and decide causes of action based upon a theory of private nuisance. See General Statutes § 51-164s. Nevertheless, the defendants argue that the plaintiffs must exhaust their administrative remedies before this court can exercise jurisdiction. The defendants also contend that the doctrine of res judicata[6] bars the plaintiffs' claim; that earlier court decisions related to the case render the claim moot[7]; or that a prior pending case controls this nuisance claim.[8] Not all of these assertions implicate the court's jurisdiction and, more importantly, of those that do, exhaustion of administrative remedies and mootness, neither is applicable in this case. SeeRaymond v. Rock Acquisition Ltd. Partnership, 50 Conn. App. 411,717 A.2d 824 (1998).
"`The doctrine of exhaustion of administrative remedies is well established in the jurisprudence of administrative law. . . . The doctrine provides that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted. The doctrine is applied in a number of different situations and is, like most judicial doctrines, subject to exceptions.'" Johnson v. StatewideGrievance Committee, 248 Conn. 87, 95, ___ A.2d ___ (1999).
The court has "grudgingly carved" exceptions from the doctrine of exhaustion. "We have recognized that a party aggrieved by a decision of an administrative agency may be excused from exhaustion of administrative remedies if: recourseto the administrative remedy would be futile or inadequate. . . .
the procedures followed by the administrative agency are constitutionally infirm led] . . . or injunctive relief from an agency decision is necessary to prevent immediate and irreparable harm." (Citations omitted; emphasis added.) Id., 103.
While the plaintiffs have alleged irreparable harm, the court agrees with the defendants that this court's previous ruling; see footnote 1; controls, for the purposes of issuing any temporary injunctions, the law of the case. That, however, does not end the CT Page 7230 court's inquiry. The plaintiffs' have also alleged specific and material damages, independent of the harms alleged in the zoning appeal. The plaintiffs claim that the Sapias began construction of a third-story addition to their house before obtaining the necessary building permit and seek monetary damages for the defendants' alleged unlawful interference with their property rights. Those allegations, alone, prove sufficient to defeat the necessity of requiring that plaintiffs exhaust their administrative appeals before bringing this cause of action. SeeRaymond v. Rock Acquistion Ltd. Partnership, supra,50 Conn. App. 411. In addition, the complaint alleges a separate cause of action sounding in nuisance; a claim altogether independent of the plaintiff's zoning appeal. See Gardiner v. ConservationCommission, 222 Conn. 98. 105, 608 A.2d 672 (1992).
While the plaintiffs' nuisance claim and the zoning appeal involve similar facts they do not involve identical issues. The administrative appeal concerns whether or not the zoning board of appeals lawfully sustained the zoning officer's issuance of the permit — not whether the defendants unlawfully enlarged their home prior to obtaining a permit and thereby unlawfully interfered with the plaintiffs' property rights.
Regardless of which party prevails in the zoning appeal, that decision does not deprived this court of jurisdiction over the nuisance claim nor will the ultimate decision in that zoning appeal operate as a bar to the plaintiffs' nuisance claim under the variety of theories suggested by the defendants. The disposition of the administrative appeal does not determine whether or not the actions of the Sapias prior to obtaining the proper zoning permit constitute actionable nuisance.
B. Private Nuisance — Summary Judgment
At the onset, the court notes that whether or not a defendant's conduct creates a nuisance is typically a question of fact to be determined by the trier of fact; see Filisko v.Bridgeport Hydraulic Co., 176 Conn. 33, 35, 404 A.2d 889 (1978); and, therefore, like questions of negligence, is particularly ill-suited to the summary judgment process. See Diulio v. Goulet,2 Conn. App. 701, 703, 483 A.2d 1099 (1984).
"To establish a nuisance four elements must be proven:
(1) the condition complained of had a natural tendency to create CT Page 7231 danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; (4) the existence of the nuisance was the proximate cause of the plaintiffs' injuries and damages."Filisko v. Bridgeport Hydraulic Co., supra, 176 Conn. 35.
The plaintiffs' allege that the defendants began expansion of their home prior to legally obtaining a permit, however, the evidence introduced to support this claim fails to establish this fact. Rather, the deposition testimony of Mr. Gilliam, the zoning enforcement officer for the Town of Essex, raises a genuine issue of material fact as to whether or not the defendants began the exterior expansion of their home prior to obtaining the required zoning permit.
Consequently, a genuine issue exists, one that directly involves an essential element of a nuisance claim, i.e., the legality of the defendants' actions. Further, even if the evidence established that the Sapias began the exterior extension prior to obtaining a permit, whether or not that conduct constitutes nuisance is another issue of material fact in dispute. See Diulio v. Goulet, supra, 2 Conn. App. 703. "Summary judgment should only be granted when there is no genuine issue of material fact remaining in the case." Id.
Accordingly, because there exists genuine issues of fact in dispute with respect to the allegations of nuisance and liability, the plaintiffs' motion for summary judgment is denied; further, because of these same disputed facts, the defendants' cross motion for summary judgment is also denied.
It is so ordered.
By the Court
Elaine Gordon, Judge Superior Court