[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (#123)
The plaintiff alleges that, while she was lawfully on the defendant's premises and using the defendant's treadmill, she fell off the treadmill and suffered injuries. The plaintiff alleges that her fall was caused by the defendant's negligence and carelessness, in failing to train, CT Page 7068 supervise and/or instruct the plaintiff in the proper use of the treadmill.
On April 3, 1998, the defendant filed its amended answer in which it denies the material allegations of the plaintiffs complaint and alleges two special defenses. The second special defense alleges that the plaintiff had executed a waiver releasing the defendant from liability.
The defendant filed a Motion for Summary Judgment (#123) asserting that it is entitled to summary judgment because the plaintiff signed a release liability in favor of the defendant. The plaintiff asserts that the release is unenforceable for two reasons: first, the language used in the release does not explicitly exculpate the defendant from its own negligence; and second, the plaintiff signed the release without reading or understanding it. The plaintiff argues further that summary judgement should be denied because this is a negligence case, and deciding whether a particular defendant was negligent is a question of fact inappropriate for disposition on summary judgment.
"The [Connecticut] Supreme Court has not yet decided whether waivers of negligence claims by adult participants in sporting events are enforceable." Foley v. Southington-Cheshire Community YMCA, Inc., Superior Court, judicial district of New Britain, Docket No. 502023 (March 28, 2002, Shortall, J.) (31 Conn.L.Rptr. 673, 673). The law, however, "does not favor contract provisions which relieve a person from his own negligence." Griffin v. Nationwide Moving Storage Co.,187 Conn. 405, 413, 446 A.2d 799 (1982). "Courts have shown a tendency to hold [releases contained in preprinted form contracts] against public policy when entered into by professional service providers in the course of dealing with the general public. . . . Such provisions have been upheld, however, under appropriate conditions, such as the assent of both parties." (Citations omitted.) Mattegat v. Kiopfenstein, 50 Conn. App. 97,103-04, 717 A.2d 276 (1998).[1] "[I]t is generally recognized that agreements exempting owners and operators of sports facilities from liability for negligence entered into with patrons of the facility are valid and enforceable against a patron." (Internal quotation marks omitted.) Slauson v. White Water Mountain Resorts of Connecticut., Superior Court, judicial district of New Haven at New Haven, Docket No. 432460 (May 30, 2001, Jones, J.) (29 Conn.L.Rptr. 605, 606).
"Courts have seemed to take two views regarding the language that must be included in a waiver agreement for the purpose of barring negligence claims against an owner of a facility or its employees. Some courts require that specific language be included alerting the patron that he or she waives any claim for injury caused by the actual negligence of the facility operator. . . . Other courts disagree with this view. They take CT Page 7069 the position that exculpatory agreements must be strictly construed but hold that the word negligence need not be used; the operator of a sports facility can be protected by an agreement in which the patron releases the operator from any claim." (Emphasis added; internal quotation marks omitted.) Foley v. Southington-Cheshire Community YMCA, Inc., supra,31 Conn.L.Rptr. 673.
"The majority of trial courts that have recently addressed this issue . . . take the position that specific language, i.e., the word `negligence,' must be used to waive effectively claims for negligence against facility operators." Id., 673-74. Trial courts have also held that a waiver must "specifically alert the patron that he or she by signing the waiver is releasing the operator of the facility from injury caused by the operator's own negligence. . . . These courts [reason] that this is the better approach because [w]hat may be common sense to judges and lawyers who are used to interpreting the ambit of legal phrases is not necessarily obvious to the nonlawyer public who by signing these agreements give up valuable rights." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 674.
Accordingly, "[w]here the waiver does explicitly absolve the defendant from liability for its own negligence; Superior Courts have held the language contained in the waiver form is sufficient to release the facility operator from liability." Id.; see also Malin v. White WaterMountain Resorts of Connecticut, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 423774 (March 16, 2001, Blue, J.) (29 Conn.L.Rptr. 374, 375) ("[U]nless the contract `clearly, unequivocally, specifically, and unmistakably express[es] the parties' intention to exculpate the [defendant] from liability resulting from its own negligence, the [contract] is insufficient for that purpose.'");Connors v. Reel Ice, Inc., Superior Court, judicial district of Hartford, Docket No. 579993 (July 24, 2000, Wagner, J.) (27 Conn.L.Rptr. 610, 611) (waiver agreement making explicit references to defendant's negligence is enforceable); Helbling v. Quinnipiac College, Superior Court, judicial district of New Haven at New Haven, Docket No. 396846 (August 6, 1999, Jones, J.) (25 Conn.L.Rptr. 235, 236-37) (issue of material fact exists because waiver does not contain language explicitly exculpating defendant from its own negligence, and plaintiffs affidavit avers that he understood waiver was only exculpating defendant from liability for plaintiffs negligence); Bashura v. Strategy Plus,Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 050871 (November 20, 1997, Corradino, J.) (21 Conn.L.Rptr. 59, 62) (language of waiver must put plaintiff on notice that he is releasing defendant from liability for defendant's own negligence).
Presumably, courts have upheld such waivers on the basis of "[t]he CT Page 7070 general rule . . . that where a person of mature years and who can read and write, signs or accepts a formal written contract affecting his pecuniary interests, it is [that person's] duty to read it and notice of its contents will be imputed to [that person] if [that person] negligently fails to do so; but this rule is subject to qualifications, including intervention of fraud or artifice, or mistake not due to negligence, and applies only if nothing has been said or done to mislead the person sought to be charged or to put a [person] of reasonable business prudence off . . . guard in the matter." (Internal quotation marks omitted.) First Charter National Bank v. Ross, 29 Conn. App. 667,671, 617 A.2d 909 (1992).
Courts will not, however, enforce a waiver when the plaintiff did not assent to its terms. DiUlio v. Goulet, 2 Conn. App. 701, 703-04,483 A.2d 1099 (1984). Accordingly, courts have denied a motion for summary judgment when a plaintiff raises issues of material fact, by counter affidavit and other evidence, that plaintiff was rushed through the process and not provided an opportunity to read the waiver agreement before signing it. Id. compare, Lombardo v. Maguire Group, Inc., Superior Court, judicial district of Middlesex at Middletown, Docket No. 077767 (June 6, 1997, Arena, J.) (3 Conn. Ops. 760, 761) (summary judgment granted because plaintiff did not file counter affidavit to raise an issue of material fact "regarding the scope of the waiver, the intent of the parties, or the adequacy of the notice."); see also Ervin v. HosannaMinistry, Inc., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 048157 (November 8, 1995, Skolnick, J.) (motion for summary judgment denied because issues of material fact exist as to whether plaintiff was induced to sign waiver through fraud, or whether she lacked contractual capacity because she was intoxicated and the defendant was aware or should have, been aware of her condition).
In the present case, the waiver that the plaintiff executed specifically states that the plaintiff is releasing the defendant and the defendant's employees and agents "from any responsibility or liability for any injury to myself, including those caused by the negligent act or omission. arising out of or connected with my participation in any activities of the Stratford Athletic Club or the use of any equipment at the Stratford Athletic Club." (Defendant's Motion for Summary Judgment, Exhibit B.) Beneath her signature on the waiver is a section which states "I HEREBY REPRESENT AND WARRANT . . . THAT I HAVE READ, REVIEWED AND COMPLETED THE ABOVE WAIVER CONSENT FORM. . . ." (Emphasis in original.) (Defendant's Motion for Summary Judgment, Exhibit B.) Again, the plaintiff signed her name below this section.
The plaintiff admits in her deposition testimony that she signed the waiver. (Defendant's Motion for Summary Judgment, Exhibit A, pp. 18-19.) CT Page 7071 In her affidavit the plaintiff avers that she did not discuss the waiver with anyone, was not told what the waiver contained, was not told to read it or discuss it with an attorney and that she would not have signed the waiver if she had known that it released the defendant from liability for the defendant's own negligence. (Memorandum in Opposition, Exhibit A, ¶¶ 3-5) The plaintiff does not attest, however, that she was denied an opportunity to read the waiver, or that she was induced to sign it through the defendant's fraudulent conduct. Therefore, the plaintiff has not met her burden of producing evidence to raise an issue of material fact that she did not assent to the terms of the waiver. First Charter NationalBank v. Ross, supra, 29 Conn. App. 671.
Accordingly, the Motion for Summary Judgment is hereby granted.
RUSH, J.