[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #120
On October 10, 2000, the plaintiff, Arlene Cousins, filed a one-count complaint alleging a cause of action of negligent misrepresentation against, the defendants, Howell Corporation and Wampfler, Inc.[1] On February 7, 2001, the plaintiff filed a second revised complaint. The following background facts are undisputed. The plaintiff began working for the defendant in 1994 as a customer service representative. On July 1, 1996, she went to Bridgeport Hospital to undergo a medical procedure preliminary to a gall bladder surgery. The gall bladder surgery was scheduled for July 9, 1996. The defendant allowed the plaintiff time off for both the procedure and the surgery, with both parties expecting that the plaintiff would return to work on July 15, 1996. After the July 1, 1996 procedure, however, the plaintiff became seriously ill and was readmitted to the hospital. Between this time and April 10, 1997, the plaintiff under went a series of serious emergency surgeries, including the original gall bladder surgery. Needless to say, the plaintiff could not and did not return to work in July, 1996, and was unable to do so until approximately early May, 1997.
The plaintiff alleges in her second revised complaint that throughout her absence from work, the defendant, through the words, actions and conduct of its employees, negligently misrepresented that her job would be held open for her. She further alleges that the defendant knew or should have known that the plaintiff would rely on the representations made by the defendant's employees. She also alleges that she detrimentally relied on the misrepresentations by taking certain actions including remaining a loyal and dedicated employee and taking a leave of absence to undergo surgery. Despite this, the plaintiff alleges, the defendant did not give the plaintiff her job back.
On January 9, 2002, the defendant filed a motion for summary judgment. In support of its motion, it filed a memorandum of law; the affidavit of CT Page 7130 Robert S. Beale, co-owner and President of the defendant; letters of correspondence between the plaintiff and Beale; and selected portions of the depositions of the plaintiff and Anne Fox, a co-employee of the plaintiff. On January 23, 2002, the plaintiff filed a memorandum in opposition to the defendant's motion for summary judgment. In support of her memorandum, she filed her own affidavit; Beale's affidavit; selected portions of the depositions of Beale and Fox; letters of correspondence between the plaintiff and Beale; a document showing an accounting of hours worked by Monica Steyer, an employee hired by the defendant during the plaintiffs absence; and a document showing the job applications and inquiries of the plaintiff.
 DISCUSSION
Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. Summary judgment "is appropriate only if a fair and reasonable person could conclude only one way." Miller v. United Technologies Corp., 233 Conn. 732, 751,660 A.2d 810 (1995). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) QSP, Inc. v. AetnaCasualty Surety Co., 256 Conn. 343, 351, 773 A.2d 906 (2001). The movant has the burden of demonstrating the absence of any genuine issue of material fact. Miller v. United Technologies Corp., supra,233 Conn. 751-52. "[T]he party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Appleton v. Board ofEducation, 254 Conn. 205, 209, 757 A.2d 1059 (2000). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) Hammerv. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578, 573 A.2d 699
(1990). "`Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusions it would draw from them." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,379, 260 A.2d 596 (1969).
The defendant moves for summary judgment on the grounds that 1) the defendant, through its employees, made no false misrepresentations, 2) the defendant neither knew nor should have known its alleged representations were false, and 3) the plaintiff cannot prove pecuniary loss. Specifically, the defendant argues that the plaintiff was offered her job back, therefore, no statements allegedly made to her regarding keeping her position open for her were false.[2] Furthermore, the CT Page 7131 defendant argues that there is no way that the defendant knew or should have known that any representations that were made were false at the time they were made because no one could have possibly predicted the duration or severity of the plaintiffs medical absence. Finally, the defendant contends that the plaintiff was not fired, and since she was offered her same position at the same pay, she is not entitled to any monetary recovery because she refused the offer.
In opposition, the plaintiff argues that genuine issues of material fact exist as to whether the defendant's employees made misrepresentations of fact to the plaintiff upon which she justifiably relied. Specifically, the plaintiff contends that the defendant represented that upon her return she would be given her former position back; however, upon her return, the position offered her was not that of a customer service representative, but rather a position entailing less important duties. Therefore, the plaintiff argues, the defendant is not entitled to summary judgment.
The Connecticut Supreme Court has adopted the principles set forth in § 552 of the Restatement (Second) of Torts (1977), that negligent misrepresentation applies to: "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." (Internal quotation marks omitted.) Craine v. Trinity College, 259 Conn. 625, 661, 791 A.2d 518
(2002); see also Williams Ford, Inc. v. Hartford Courant Co.,232 Conn. 559, 575, 657 A.2d 212 (1995). "[E]ven an innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth." (Internal quotation marks omitted.) Craine v. Trinity College, supra,259 Conn. 660. A cause of action for negligent misrepresentation has been recognized by the Supreme Court in the context of employment when a declarant makes a false statement of fact on which another justifiably relied. See D'Ulisse-Cupo v. Board of Directors of Notre Dame HighSchool, 202 Conn. 206, 217-18, 520 A.2d 217 (1987).
The defendants' evidence submitted in support of its summary judgment motion establishes the following. Around May 1, 1997, the plaintiff contacted Beale to inform him of her ability to return to work on a part-time basis. (Affidavit of Robert S. Beale, January 7, 2002 [Beale Affidavit], ¶ 10.) At that time, Beale represented to the plaintiff that he would work out arrangements for her and contact her when the arrangements had been formalized. (Deposition of Beale, January 6, 2000 [Beale Deposition], pp. 100-01.) Beale never contacted the plaintiff nor CT Page 7132 made any attempt to contact the plaintiff between May 1, 1997, and June 5, 1997. (Beale Affidavit, ¶ 11.) The plaintiff sent Beale a certified letter dated June 5, 1997, inquiring about her job and stating that she was "anxious to get back into the workforce." (Defendant's Exhibit B, Plaintiffs June 5, 1997 letter to Beale.) In response, Beale wrote to the plaintiff in a letter dated June 13, 1997, that "the only thing I can offer you is three hours a day (9:00 A.M.-12:00 P.M.) to be paid on an hourly basis. The work available would be filing, putting catalogs together, answering phones as a back-up. . . ." (Beale Affidavit, ¶ 12; Defendant's Exhibit C, Beale's June 13, 1997 letter to the plaintiff.)
As per Beale's request, on June 20, 1997, the plaintiff and Beale met. (Affidavit of Arlene Cousins, January 22, 2002 [Cousins Affidavit], ¶ 19; Beale Deposition, ¶ 13.) Beale reiterated his offer outlined in the letter. (Beale Affidavit, ¶ 13.) The plaintiff, Beale asserts, asked to be terminated from her position as a customer service representative. (Beale Deposition, p. 89.) Beale attests that the work the plaintiff was offered was equivalent to her old position and considers the position as a reinstatement of her old position on a part-time basis with the same hourly pay. (Beale Affidavit, ¶ 13.) Beale further represents that, although it was never discussed, he intended to pay the plaintiff her same hourly wage. (Beale Affidavit, ¶ 14.)
The plaintiff asserts that Beale's offer was unacceptable because it was a demotion. (Deposition of Arlene Cousins, October 8, 1999 [Cousins Deposition], p. 103.) She further contends that not all of the job duties offered to her upon her return were the same as before her leave; the offered position was substantially different than that of a customer service representative. (Cousins Deposition, p. 106; Cousins Affidavit, ¶ 17.) Before her absence, the plaintiffs duties as a customer service representative consisted of filing, making catalogs, taking telephone calls, taking orders, answering customers questions, researching answers to questions, as well as, order entry and billing. (Beale Deposition, p. 29.) A customer service representative's duties includes taking orders and billing, filing, expediting orders and making catalogs. (Deposition of Anne Fox, January 28, 2000, p. 44; Beale Deposition, p. 29.)
The court's role in ruling on a motion for summary judgment is "not to try issues of fact but to determine whether there is a material issue of fact." DiUlio v. Goulet, 2 Conn. App. 701, 704, 483 A.2d 1099 (1984). The court cannot discount a party's affidavit in favor of the other party. Id. The parties' evidence here conflicts as to whether the plaintiff was offered her customer service representative position back. In addition, Beale's representation that he intended to pay the plaintiff her same CT Page 7133 hourly wage raises the issue of Beale's credibility that is not appropriately decided on a motion for summary judgment. See Battistoni v.Weatherking Products, Inc., 41 Conn. App. 555, 564, 676 A.2d 890 (1996). A motion for summary judgment should be denied unless the "evidence is such that no room for disbelief could exist in the minds of the jury. . . ." Yanow v. Teal Industries, Inc., 178 Conn. 262, 268-69, 422 A.2d 311
(1979). The determination of whether the plaintiff was offered the equivalency of her position back as a customer service representative at the same pay should be left to the jury.
Accordingly, since a genuine issue of material fact exists, the defendant's motion for summary judgment is denied
GALLAGHER, J.